UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MRM SUPERMARKETS, INC. d/b/a CONSTANTIN'S BREADS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:15-CV-1681 |
| THE TRAVELERS LLOYDS INSURANCE COMPANY, MARC RODRIGUEZ AND MICHAEL KING, | § § § § § | |
| Defendants. | § | |

**DEFENDANT THE TRAVELERS LLOYDS INSURANCE COMPANY'S
NOTICE OF REMOVAL**

Defendant The Travelers Lloyds Insurance Company ("Travelers") files this Notice of Removal under 28 U.S.C. §§ 1332, 1441, and 1446 and states:

# I.
# INTRODUCTION

1. Plaintiff MRM Supermarkets, Inc. d/b/a Constantin's Breads ("MRM") commenced this lawsuit on April 6, 2015 by filing Plaintiff's Original Petition ("Petition") in the E-101st Judicial District Court of Dallas County, Texas.

2. Plaintiff's Petition, which includes a jury demand, names Travelers, Marc Rodriguez ("Rodriguez"), and Michael King ("King") as Defendants.

3. Travelers was served with Plaintiff's Petition on April 14, 2015.  Rodriguez was served with Plaintiff's Petition on April 15, 2015. Upon information and belief, King has not yet been served.

4. Travelers files this Notice within the 30-day time period required by 28 U.S.C. § 1446(b).

5. Rodriguez and King, need not consent to removal as Travelers contends these individuals were improperly joined, and King has not yet been served in this matter.[1]

## II.
## BASIS FOR REMOVAL

6. Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this District.

7. Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. These two conditions are satisfied in this matter.

**A. Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Travelers.**

8. Plaintiff is a Texas corporation with its principal place of business in Dallas, Texas. Accordingly, Plaintiff is a citizen of the state of Texas for purposes of diversity of citizenship.

9. A Lloyds plan is an unincorporated association. To that end, The Travelers Lloyds Insurance Company is an unincorporated association of twelve underwriters. The domiciliary state for all the underwriters is Connecticut. For diversity purposes, the citizenship of an unincorporated association is determined by the citizenship of each member of the association.[2] The members of a Lloyds plan are the underwriters alone.[3] Thus, Travelers is a

---

[1] *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007).

[2] *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).

[3] *Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993); *Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Texas. 1998) ("In this case, therefore, the citizenship of State Farm Lloyds must be determined solely by the citizenship of its members, or underwriters.")

citizen of Connecticut for diversity jurisdiction purposes.[4]

10. Marc Rodriguez is a resident of the state of Texas and has been improperly joined to defeat this Court's diversity jurisdiction. There is no possibility that Plaintiff will be able to establish a cause of action against Rodriguez in this lawsuit.

11. Michael King is a resident of the state of Texas and has been improperly joined to defeat this Court's diversity jurisdiction. There is no possibility that Plaintiff will be able to establish a cause of action against Morlen in this lawsuit.

12. Because Rodriguez and King were improperly joined as Defendants in this action, their citizenship should be disregarded for jurisdictional purposes, and complete diversity of citizenship exists between Plaintiff and Travelers (now and on the date Plaintiff filed this lawsuit).

### (1) *Plaintiff Improperly Joined Rodriguez and King as Defendants to Defeat This Court's Diversity Jurisdiction.*

13. Improper joinder exists when there is actual fraud in the pleading of jurisdictional facts or the plaintiff is unable to establish a cause of action against the non-diverse defendant(s).[5] This second condition is met when there is no reasonable basis for predicting that the plaintiff might recover against the improperly-joined in-state defendant(s).[6]

14. In this action, Plaintiff has asserted claims against two in-state insurance adjusters – Rodriguez and King. However, as the courts within this District have recognized, removal is

---

[4] *Massey v. State Farm Lloyds*, 993 F. Supp. 568, 570 (S.D. Tex. 1998) ("Because no member of State Farm Lloyds is a Texas resident, complete diversity exists between the parties to this action, and this Court has federal diversity jurisdiction under 28 U.S.C. § 1332."); *Rappaport v. State Farm Lloyd's,* 1998 WL 249211 (N.D. Tex. 1998) ("Because the Court finds that State Farm Lloyd's is an unincorporated association whose members are completely diverse with Plaintiff, Plaintiff's Motion to Remand is DENIED.").

[5] *See One Way Investments v. Century Ins. Co.*, Civil Action No. 3:14-CV-2839-D, 2014 WL 6991277 at *2 (N.D. Tex. Dec. 11, 2014) (Fitzwater, J.).

[6] *See id.*

---

proper when an insured-plaintiff's petition fails to allege facts that would plausibly lead to the conclusion that the insured-plaintiff suffered damage due to a non-diverse adjuster's conduct (bearing in mind that ultimately the defendant insurer, not the in-state adjuster, would have made the decision as to whether to pay, and what to pay, the insured-plaintiff).[7] That is the case here, as Plaintiff's Petition fails to allege facts which would permit Plaintiff to recover from Rodriguez and/or King under Texas law.

15.   The gravamen of Plaintiff's complaint is that Travelers failed to pay the full amount Plaintiff claims it was owed under the Travelers policy. Although Plaintiff alleges (in purely conclusory fashion) that Rodriguez and King engaged in purported violations of the Texas Insurance Code, Plaintiff asserts identical allegations against Rodriguez and King, failing to identify any specific wrongdoing purportedly committed by each adjuster.[8] Moreover, Plaintiff's allegations consist merely of labels, conclusions, and formulaic recitations of the elements of the causes of action collectively asserted against Rodriguez and King.  None of these allegations are sufficient to establish a cause of action against Rodriguez and/or King under Texas law.[9]

### (2)   *Plaintiff's Claims against Rodriguez and King Bear the "Badges of Improper Joinder."*

16.   Not only does Plaintiff fail to allege facts sufficient to permit recovery from

---

[7]  *See Plascencia v. State Farm Lloyds*, Civ. A. 4:14-CV-00524-A, at 14 (N.D. Tex. Sept. 25, 2014) (Mem. Op.) (McBryde, J.), a copy of which is attached to this Notice as Exhibit A; *see also Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724-25 (N.D. Tex. 2014) (Solis, J.); *One Way Investments*, 2014 WL 6991277, at *3-*5.

[8]  *See, e.g.,* Plaintiff's Petition at 7.9-7.17.

[9]  *See Plascencia* [Exhibit A] at 14-15 (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)); *see also Messersmith*, 10 F.Supp.3d at 724-25 (holding that insured-plaintiff's formulaic allegations of alleged statutory violations failed to provide a reasonable basis to predict that the insured-plaintiff might be able to recover against the in-state adjuster); *One Way Investments*, 2014 WL 6991277, at *3-*5 (same).  Travelers also contends that Plaintiff's allegations regarding unspecified misrepresentations purportedly made by Rodriguez, Morlen, and Salsbury fail to comply with the pleading requirements imposed by Federal Rules of Civil Procedure 9(b). *See Plascencia* [Exhibit A] at 15 n.5.

Rodriguez and/or King under Texas law, its claims also bear "badges of improper joinder" recently recognized by this Court.[10]

17. As this Court has recognized, a "badge of improper joinder is the failure of the plaintiff to cause service of process to be accomplished on the defendant whose presence is a potential impediment to removal to federal court."[11] Here, upon information and belief, Defendant King has not been served with process in this matter.

18. With respect to another badge of improper joinder, Plaintiff has no "plausible reason for suing [Rodriguez and King] other than to defeat diversity jurisdiction."[12] There is no credible reason why a favorable judgment on Plaintiff's claims against Travelers (if warranted) would fail to afford Plaintiff full and complete relief. Nor is there any "suggestion that a recovery by [P]laintiff against [Rodriguez and/or King] would provide any financial gain to [P]laintiff."[13] It is thus clear that Plaintiff's claims against Rodriguez and King are intended solely to deprive this Court of jurisdiction.

**B.   Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

19. If it is facially apparent that Plaintiff's claims in this suit exceed $75,000, exclusive of interest, costs, and attorney's fees, Travelers' burden to establish the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.[14]

20. Here, Plaintiff's Petition states that Plaintiff seeks to recover more than

---

[10]   *See Plascencia* [Exhibit A] at 15-18.

[11]   *Plascencia* [Exhibit A] at 17.

[12]   *Id.* at 18.

[13]   *Id*.

[14]   *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

**DEFENDANT THE TRAVELERS LLOYDS INSURANCE COMPANY'S NOTICE OF REMOVAL**   Page 5
2167773v1

$1,000,000 in this lawsuit.[15] It is thus facially apparent that Plaintiff's claims exceed this Court's jurisdictional threshold of $75,000.

## III.
## CONCLUSION

21.   Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the District Clerk of Dallas County, Texas promptly after the filing of this Notice.

22.   As required by 28 U.S.C. § 1446(a), and Local Rule 81.1, a copy of each of the following are attached to (or filed with) this Notice:

   a   an index of all documents attached to (or filed with) this Notice that clearly identifies each such document and indicates the date the document was filed in state court (if applicable);

   b   a copy of the docket sheet in the state court action;

   c   each document filed in the state court action (as separate attachments arranged in chronological order according to state court filing date); and

   d   a separately signed certificate of interested persons that complies with Local Rule 3.1(c).

23.   Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

WHEREFORE, Defendant The Travelers Lloyds Insurance Company requests that this action be removed from the E-101st Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, and that this

---

[15]   Plaintiff's Petition at 3.2.

Court enter such further orders as may be necessary and appropriate.

        Respectfully submitted,

        **ZELLE HOFMANN VOELBEL & MASON LLP**

        By:     */s/ Jennifer L. Gibbs*
            James W. Holbrook, III
            Texas Bar No. 24032426
            jholbrook@zelle.com
            Jennifer L. Gibbs
            Texas Bar No. 24050656
            jgibbs@zelle.com

        901 Main Street, Suite 4000
        Dallas, TX  75202-3975
        Telephone:   241-742-3000
        Facsimile:    214-760-8994

        **ATTORNEYS FOR DEFENDANTS**
        **THE TRAVELERS LLOYDS INSURANCE**
        **COMPANY AND MARC RODRIGUEZ**

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing has been served this 13th day of May, 2015, via Certified Mail, Return Receipt Requested, in accordance with the FEDERAL RULES OF CIVIL PROCEDURE as follows:

> William A. Kendall
> wk@smith-kendall.com
> Robert N. Grisham, II
> Robert@grishamlaw.com
> GRISHAM & KENDALL, PLLC
> 9400 N. Central Expwy., Suite 910
> Dallas, TX  75231
> Telephone:    214-361-6124
> Facsimile:    214-361-6126
> ***Attorneys for Plaintiff***
> ***MRM Supermarkets, Inc. d/b/a***
> ***Constantin's Breads***

                                         */s/ Jennifer L. Gibbs*
                                             Jennifer L. Gibbs