# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MRM SUPERMARKETS, INC. d/b/a<br>CONSTANTIN'S BREADS,<br><br>    Plaintiff,<br><br>v.<br><br>THE TRAVELERS LLOYDS<br>INSURANCE COMPANY, MARC<br>RODRIGUEZ AND MICHAEL KING,<br><br>    Defendants. | § § § § § § § § § § § § | CIVIL ACTION NO.   3:15-CV-1681 |

## EXHIBIT A

1.  Index of All Documents Filed in the State Court Action

2.  Docket Sheet in the State Court Action

3.  Documents filed in the State Court Action

    a.  Plaintiff's Original Petition and Request for Disclosure
       Filed:  April 6, 2015

    b.  Return of Citation on The Travelers Lloyds Insurance Company
       Filed:  April 16, 2015

    c.  Return of Citation on Marc Rodriguez
       Filed:  April 20, 2015

    d.  Defendant The Travelers Lloyds Insurance Company's Answer to Plaintiff's Original Petition
       Filed:  April 28, 2015

    e.  Court's Notice of Hearing to All Parties
       Signed and Filed:  May 6, 2015

    f.  Court's Uniform Scheduling Order (Level 3)
       Signed and Filed:  May 6, 2015

    g.  Court's Mediation Order
       Signed and Filed:  May 6, 2015

h.  Return of Citation on Michael King (unserved)
    Filed:  May 8, 2015

i.  Defendants The Travelers Lloyds Insurance Company and Marc Rodriguez' First
    Amended Answer to Plaintiff's Original Petition
    Filed:  May 11, 2015

# Exhibit A-1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MRM SUPERMARKETS, INC. d/b/a CONSTANTIN'S BREADS, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO.   3:15-CV-1681 |
| THE TRAVELERS LLOYDS INSURANCE COMPANY, MARC RODRIGUEZ AND MICHAEL KING, | § § § § § | |
| Defendants. | § § | |

## INDEX OF DOCUMENTS FILED IN THE STATE COURT ACTION

Documents filed and all orders entered in the state court action as listed below:

1.  Plaintiff's Original Petition and Request for Disclosure
    Filed: April 6, 2015

2.  Return of Citation on The Travelers Lloyds Insurance Company
    Filed: April 16, 2015

3.  Return of Citation on Marc Rodriguez
    Filed: April 20, 2015

4.  Defendant The Travelers Lloyds Insurance Company's Answer to Plaintiff's
    Original Petition
    Filed: April 28, 2015

5.  Court's Notice of Hearing to All Parties
    Signed and Filed: May 6, 2015

6.  Court's Uniform Scheduling Order (Level 3)
    Signed and Filed: May 6, 2015

7.  Court's Mediation Order
    Signed and Filed: May 6, 2015

8.  Return of Citation on Michael King (unserved)
    Filed: May 8, 2015

9.  Defendants The Travelers Lloyds Insurance Company and Marc Rodriguez' First
    Amended Answer to Plaintiff's Original Petition
    Filed: May 11, 2015

# Exhibit A-2

Skip to Main Content  Logout  My Account  Search Menu  New Civil District Search  Refine Search  Back   Location : All District Civil Courts    Images  Help

# REGISTER OF ACTIONS
## CASE NO. DC-15-03894

| MRM SUPERMARKETS INC vs. THE TRAVELERS LLOYDS INSURANCE COMPANY, et al | § § § § § | Case Type: **OTHER (CIVIL)**<br>Date Filed: **04/06/2015**<br>Location: **101st District Court** |
|---|---|---|

---

## PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| DEFENDANT | KING, MICHAEL | |
| DEFENDANT | RODRIGUEZ, MARC | **JENNIFER L. GIBBS**<br>*Retained*<br>214-742-3000(W) |
| DEFENDANT | THE TRAVELERS LLOYDS INSURANCE COMPANY | **JENNIFER L. GIBBS**<br>*Retained*<br>214-742-3000(W) |
| PLAINTIFF | MRM SUPERMARKETS INC *DOING BUSINESS AS* CONSTANTIN'S BREAD | **WILLIAM A KENDALL**<br>*Retained*<br>214-361-6124(W) |

---

## EVENTS & ORDERS OF THE COURT

|  | OTHER EVENTS AND HEARINGS |
|---|---|
| 04/06/2015 | NEW CASE FILED (OCA) - CIVIL |
| 04/06/2015 | ORIGINAL PETITION |
| | *Petition* |
| 04/06/2015 | CASE FILING COVER SHEET |
| | *Petition Civil Case Information Sheet* |
| 04/06/2015 | ISSUE CITATION |
| 04/06/2015 | JURY DEMAND |
| 04/09/2015 | CITATION |

*3 CERT MAIL/DC/ 9214-8901-0661-5400-0056-0332-49 / 9214-8901-0661-5400-0056-0340-55 / 9214-8901-0661-5400-0056-0353-42*

| | | |
|---|---|---|
| THE TRAVELERS LLOYDS INSURANCE COMPANY | Served | 04/14/2015 |
| | Returned | 04/16/2015 |
| RODRIGUEZ, MARC | Served | 04/15/2015 |
| | Returned | 04/20/2015 |
| KING, MICHAEL | Returned Unserved | 05/08/2015 |
| | Returned | 05/08/2015 |

| | |
|---|---|
| 04/28/2015 | ORIGINAL ANSWER - GENERAL DENIAL |
| | *DEFENDANTS* |
| 05/06/2015 | NOTICE OF TRIAL |
| 05/06/2015 | SCHEDULING ORDER |
| | *UNIFORM, LEVEL 3*<br>*Vol./Book 456E, Page 434,  2 pages* |
| 05/06/2015 | ORDER - MEDIATION |
| | *WILL PRYOR*<br>*Vol./Book 456E, Page 435,  2 pages* |
| 05/11/2015 | AMENDED ANSWER - AMENDED GENERAL DENIAL |
| | *DEFENDANTS 1ST* |
| 05/17/2016 | Jury Trial - Civil (9:00 AM) (Judicial Officer WILLIAMS, STACI) |
| | *envelope 5174567 mailed med and m king* |

---

## FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **PLAINTIFF** MRM SUPERMARKETS INC | | |
| | Total Financial Assessment | | 628.00 |
| | Total Payments and Credits | | 628.00 |
| | **Balance Due as of 05/12/2015** | | **0.00** |
| 04/07/2015 | Transaction Assessment | | 628.00 |
| 04/07/2015 | CREDIT CARD - TEXFILE (DC)  Receipt # 20315-2015-DCLK | MRM Supermarkets dba Constantin's Breads | (628.00) |

# Exhibit A-3

Exhibit A-3-a

FILED
DALLAS COUNTY
4/6/2015 1:35:26 PM
FELICIA PITRE
DISTRICT CLERK

Freeney Anita

3 CT-E-SERVE

CAUSE NO. DC-15-03894

| | | |
|---|---|---|
| MRM SUPERMARKETS, INC. d/b/a CONSTANTIN'S BREADS | § § § | IN THE DISTRICT COURT |
| PLAINTIFF, | § § | |
| v. | § § | DALLAS COUNTY, TEXAS |
| THE TRAVELERS LLOYDS INSURANCE COMPANY, MARC RODRIGUEZ AND MICHAEL KING | § § § § | |
| | § § | E-101ST   JUDICIAL DISTRICT |
| DEFENDANTS. | § | |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff MRM Supermarkets, Inc. d/b/a Constantin's Breads ("MRM") files this its

Plaintiff's Original Petition and Request for Disclosure against defendants The Travelers

Lloyds Insurance Company ("Travelers"), Marc Rodriguez ("Rodriguez") and Michael

King ("King"), and would show unto the Court and Jury as follows:

### 1.   PARTIES, DISCOVERY LEVEL AND REQUEST FOR DISCLOSURES

1.1     Discovery is intended to be conducted under Level Three of TRCP 190.

1.2     Plaintiff MRM is a Texas corporation with its principal office in Dallas,

Texas. MRM may be served through its attorney of record, William A. Kendall, Grisham

& Kendall, PLLC, 9400 N. Central Expressway, Suite 910, Dallas, Texas 75231.

1.3     Defendant The Travelers Lloyds Insurance Company is a domestic insurance

company licensed and authorized to engage in the business of insurance in the State of

Texas and may be served through its agent for service, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

1.4 Defendant Marc Rodriguez is an individual not a resident of Texas who may be served at Travelers, P.O. Box 2949, Hartford, Connecticut, 06104-2949.

1.5 Defendant Michael King is a Texas resident who may be served at 1400 NW 1st Avenue, Mineral Wells, Texas 76067-3505.

1.6 In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a **"misnomer"** and/or such parties are/were **"alter egos"** of parties named herein. Plaintiff relies upon Rule 28 of the Texas Rules of Civil Procedure ("TRCP") in order to properly identify the corporate or other entities which are defendants herein.

## 2. JURISDICTION AND VENUE

2.1 This is a suit on an insurance contract. The Court has jurisdiction over this matter because the amount in controversy is within the jurisdictional limits of the Court. The insured property is located in Dallas County, Texas. Further, all or a substantial portion of the events or omissions giving rise to the claims asserted herein occurred in Dallas County, Texas. Therefore, venue of this case is proper in Dallas County, Texas. Tex. Civ. Prac. & Rem. Code §§ 15.002 and 15.032.

## 3. RULE 47 DAMAGE ALLEGTAIONS

3.1 Plaintiff refers to any preceding and subsequent pleadings in this petition and incorporates them herein by this reference for all purposes.

3.2     Pursuant to the provisions of Rule 47 TRCP, Plaintiff alleges that the damages sought by the Plaintiff are within the jurisdictional limits of the Court. Plaintiff seeks monetary relief over $1,000,000.

3.3     Plaintiff further seeks judgment for all other relief to which it may be entitled.

3.4     Pursuant to Rule 48 TRCP, Plaintiff elects to plead in the alternative.

## 4.   AGENCY AND RESPONDEAT SUPERIOR

4.1     Whenever in this petition it is alleged that defendant Travelers did any act or thing, it is meant that defendants or their agents, officers, servants, employees, or representatives did such act or thing, and further, that it was done with the full authorization or ratification of defendant Travelers or done in the normal routine, course and scope of the agency or employment of Travelers or their agents, officers, servants, employees, or representatives.

## 5.   CONDITIONS PRECEDENT

5.1     All conditions precedent necessary to maintain this action have been performed, have occurred, have been waived, or could not be timely accomplished prior to filing of suit. This suit was filed within two years of discovery of the acts complained of herein.

## 6.   REQUEST FOR DISCLOSURE

6.1     Pursuant to Rule 194 TRCP, defendants are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2.

### 7.   **BACKGROUND FACTS**

7.1    Plaintiff MRM is a Texas corporation that operates under the trade name Constantin's Breads, a commercial bakery located at 2660 Brenner Drive, Dallas, Texas 75220 (the "Property").

7.2    Plaintiff purchased the Property on or about April 3, 2013.

7.3    An appraisal of the Property was performed in or about March 2013 in connection with MRM's purchase of the Property. This appraisal did not identify any relevant pre-existing damage to the Property, including any notable pre-existing damages to the roof of the Property.

7.4    Plaintiff purchased Travelers insurance policy number 680 7A946101-13-42 which insured the Property with an effective policy period of November 10, 2013 to November 10, 2014 (the "Policy"). All premium payments required to be paid for the Policy were paid and the Policy was in full force and effect without lapse during the applicable policy period.

7.5    Beginning on or about December 6, 2013 and continuing to December 8, 2013, an ice storm passed through the Dallas area with temperatures falling into the low 20's, which resulted in approximately 6 inches of ice build-up on the Property's roof. During this initial period, below freezing temperatures lasted continuously for approximately two days with freezing rain, ice pellets precipitation and snow, all of which built up on the Property's roof and froze.

7.6    Following this initial ice storm, approximately 19 periods of freezing

temperature cycles lasting more than three hours each occurred from December 8, 2013 to January 30, 2014. In addition, approximately 8 periods of freezing temperature cycles lasting more than 10 continuous hours each occurred from December 8, 2013 to January 30, 2014.

7.7    The initial ice storm occurring from December 6, 2013 to December 8, 2013 caused or resulted in physical loss or damage to the Property. The subsequent freezing temperature cycles further exacerbated the damage caused by or resulting from the December 6, 2013 ice storm.

7.8    Plaintiff timely notified Travelers of a claim for damages to the Property related to the early December 2013 ice storm (the "Claim"). Travelers assigned claim number EYZ8093001H with an assigned date of loss of December 5, 2013 ("December 5th Claim"). Subsequently, Travelers assigned claim number EWS6466001H with an assigned date of loss of January 14, 2014 ("January 14th Claim"). Travelers assigned defendant Rodriguez to the December 5th Claim while assigning defendant King to the January 14th Claim.

7.9    Defendants Travelers, Rodriguez and King retained the engineering firm The Vertex Companies ("Vertex") to inspect the Property, investigate the cause and origin of the Property's damages, and provide a scope of repairs in connection with the Claim. Vertex acknowledged roof damage to the Property but concluded that the damage was due to age, weathering and deferred maintenance.

7.10   Despite Travelers' knowledge that Plaintiff purchased the Property

approximately 9 months prior to assigned date of loss of the Claim, defendants Travelers, Rodriguez and King did not request any pre-purchase inspection or appraisal reports concerning the Property as part of its investigation.

7.11   In fact, an appraisal report was generated in March 2013 in connection with the Property's purchase. This March 2013 appraisal report did not note any damage or deterioration to the Property's roof due to age, weathering or deferred maintenance.

7.12   Rodriguez inspected the Property shortly after the December 5th Claim was reported. During this initial inspection, Rodriguez verbally advised the insured representative that the Property would not likely be covered due to the age and condition of the roof. Rodriguez made this determination without the benefit of any expert inspection or investigation, nor any pre-purchase inspection or appraisal report.

7.13   In a letter dated December 12, 2013, Travelers and Rodriguez advised Plaintiff that the claim for damages to the roof was not covered by the Policy because Rodriguez's inspection revealed normally occurring wear, tear, and deterioration to the roofing surface, which conditions were excluded by the Policy.

7.14   Rodriguez and King subsequently inspected the Property's roof in connection with the January 14th Claim. In a letter dated February 20, 2014, Travelers and King advised Plaintiff of defendant Travelers' decision to deny the January 14th Claim. In the February 20, 2014 denial letter, Travelers and King stated that Plaintiff's claim was being denied because it was determined that the damage to the roof was due to wear, tear and deterioration. Additionally, King stated that interior water damage identified as part of

Defendants' investigation resulted from a roof leak due to wear and tear and deterioration of the roof. Travelers and King indicated that this causative determination was based on his personal inspection as well as the engineer's investigation.

7.15    As a result of defendants Travelers, Rodriguez and King's denial of the Claim, Plaintiff retained the services of an attorney. Plaintiff's legal representatives subsequently retained the services of an engineering firm, PE Services, Inc. PE Services concluded that the early December 2013 ice storm caused physical loss or damage to the Property, including the Property's roof. Plaintiff furnished a repair estimate along with a demand for settlement to Travelers, Rodriguez and King. Plaintiff's estimate and demand were based on PE Services Inc.'s repair recommendations contained in their reports.

7.16    Despite evidence of a covered event to the insured Property, Rodriguez and King did not respond to the new information furnished to them. Travelers, through its attorney, reiterated its earlier denial in a January 5, 2015 letter to Plaintiff's counsel.

7.17    Travelers, Rodriguez and King have refused to issue full payment of all covered damage or loss owed under the policy, including loss or damage to the Property related to the early December 2013 ice storm.

## 8.    PLAINTIFF'S CAUSES OF ACTION AGAINST TRAVELERS

### A.    COUNT 1 - BREACH OF CONTRACT

8.1    Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action.

8.2    All prerequisites to the filing of this suit and recovery of damages have been

met by the Plaintiff.

8.3    Plaintiff would show that the Policy was in full force and effect upon discovery of the physical loss or damage.

8.4    Among the perils that the Policy insures against is the physical loss or damage resulting from direct physical loss or damage to covered property caused by or resulting from a "Covered Cause of Loss", which includes "Risks of Direct Physical Loss" unless the loss is limited or excluded. The Policy does not limit or exclude the loss or damage caused by the event at issue in the present matter; therefore, the event is a covered cause of loss causing or resulting in direct physical loss or damage to the Property.

8.5    Plaintiff timely submitted a claim to Travelers for payment of the claim in accordance with the terms of the Policy.

8.6    Travelers has refused and failed to pay pursuant to the terms of the Policy, and by failing to do so, has breached the Policy.

**B.   COMMON LAW CAUSES OF ACTION**

8.7    Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action.

8.8    By its acts, omissions, failures and conduct, Travelers breached the common law duty of good faith and fair dealing by delaying and denying Plaintiff's claim without a reasonable basis and by failing to conduct a reasonable investigation with respect to the insurance claim. Travelers also breached its duty by unreasonably delaying payment of

Plaintiff's claim and failing to settle Plaintiff's entire claim when it knew or should have known that it was reasonably clear that the claim was covered.

8.9     These acts, omissions, failures, and conduct of defendant Travelers are a proximate cause of Plaintiff's damages.

### C.   UNFAIR CLAIMS SETTLEMENT PRACTICES ACT VIOLATIONS

8.10    Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action under the Texas Insurance Code.

8.11    Plaintiff has satisfied all conditions precedent to bringing this cause of action against defendant Travelers.

8.12    By its acts, omissions, failures and conduct, Travelers has engaged in unfair methods of competition and unfair or deceptive acts or practices in the business of insurance in violation of Sections 541.051, 541.052, 541.060 and 541.061 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition as well as defendant Travelers's unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim and its failure to pay for the proper repair of the Property after liability had become reasonably clear.

8.13    Specifically, Travelers engaged in unfair insurance practices in the following respects:

a.      Travelers engaged in false, misleading and deceptive acts or practices in the business of insurance in this case;

b.      Travelers engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.060 (1) of the

Texas Insurance Code by misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

c.  engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.060 (2) of the Texas Insurance Code   by failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurers liability has become reasonably clear;

d.  Travelers engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.060 (3) of the Texas Insurance Code by failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurers denial of a claim or for the offer of a compromise settlement of a claim;

e.  Travelers engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.060 (4) of the Texas Insurance Code by failing within a reasonable time to affirm or deny coverage of a claim to a policyholder; or submit a reservation of rights to a policyholder; and,

f.  Travelers engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.060 (7) of the Texas Insurance Code, by refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

8.14  All of the above-described acts, omissions and failures of defendant Travelers were relied upon by Plaintiff to its detriment and were a producing and proximate cause of Plaintiff's damages. Plaintiff seeks damages for such conduct as described in this petition.

## D.   DECEPTIVE TRADE PRACTICES ACT VIOLATIONS

8.15   Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action against Travelers under the provisions of the Deceptive Trade Practices - Consumer Protection Act ("DTPA").

8.16   Plaintiff has met all conditions precedent to bringing this cause of action against Travelers.

8.17   Plaintiff cooperated with Travelers's investigation of the claim by responding to inquiries and making the Property available for inspection by inspectors retained by Defendants.

8.18   Travelers failed to properly investigate Plaintiff's claim and has refused and failed to pay its claim for physical loss or damage due to a covered cause of loss, despite evidence Plaintiff's claim for damage constituted a covered loss.

8.19   By its acts, omissions, failures and conduct that are described in this petition, Travelers violated the DTPA. Specifically, Travelers violated the DTPA in the following respects:

    a.   Travelers represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

    b.   Travelers represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

c.   Travelers represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) if the DTPA;

d.   Travelers represented that it would pay to repair the physical loss or damage caused by a covered cause of loss and then not doing so, violated Sections 17.46 (b)(5), (7) and (12) of the DTPA.

e.   Travelers engaged in an unconscionable action in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(1) and (3).

f.   Travelers's conduct, acts, omissions and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

8.20   All of the above-described acts, omissions and failures of defendant Travelers were relied upon by Plaintiff to its detriment and were a producing cause of Plaintiff's damages. Plaintiff seeks damages for such conduct as described in this petition. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiff should recover additional damages as provided by the DTPA.

## E.   VIOLATION OF PROMPT PAYMENT OF CLAIMS ACT

8.21   Plaintiff would show that Travelers violated the Prompt Payment of Claims Act, Section 542.051, Subchapter B of the Texas Insurance Code, by failing to properly and timely investigate Plaintiff's claim and by failing to pay Plaintiff's claim. Likewise, defendant Travelers's failure to pay Plaintiff's claim constitutes an automatic violation of Section 542.058 which provides:

> "*Except as otherwise provided, if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060.*"

Defendant Travelers's wrongful rejection of the claim necessarily means it failed to pay within 60 days automatically violating Section 542.058. Accordingly, Plaintiff is entitled to the relief set forth in Section 542.060 of the act, including attorney's fees.

## 9.  PLAINTIFF'S CAUSES OF ACTIONS AGAINST MARC RODRIGUEZ

### A.  UNFAIR CLAIMS SETTLEMENT PRACTICES ACT VIOLATIONS

9.1     Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action under the Texas Insurance Code.

9.2     Plaintiff has satisfied all conditions precedent to bringing this cause of action against defendant Rodriguez.

9.3     By its acts, omissions, failures and conduct, Rodriguez has engaged in unfair methods of competition and unfair or deceptive acts or practices in the business of insurance in violation of Sections 541.051, 541.052, 541.060 and 541.061 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition as well as Rodriguez's unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim and its failure to pay for the proper repair of Plaintiff's Property after liability had become reasonably clear.

9.4    Specifically, defendant Rodriguez engaged in unfair insurance practices in the following respects:

a.    Rodriguez engaged in false, misleading and deceptive acts or practices in the business of insurance in this case;

b.    Rodriguez engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.060 (1) of the Texas Insurance Code by misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

c.    Rodriguez engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.060 (2) of the Texas Insurance Code by failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurers liability has become reasonably clear; and,

d.    Rodriguez engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.060 (7) of the Texas Insurance Code, by refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

9.5    All of the above-described acts, omissions and failures of defendant Rodriguez were relied upon by Plaintiff to its detriment and were a producing and proximate cause of Plaintiff's damages. Plaintiff seeks damages for such conduct as described in this petition.

## B.    DECEPTIVE TRADE PRACTICES ACT VIOLATIONS

9.6    Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action against Rodriguez under the provisions of the DTPA.

9.7    Plaintiff has met all conditions precedent to bringing this cause of action against Rodriguez.

9.8    Plaintiff cooperated with Rodriguez's investigation of the claim by responding to inquiries and making the Property available for inspection by inspectors sent by Defendants.

9.9.    Rodriguez failed to properly investigate Plaintiff's claim and has refused and failed to pay its claim for physical loss or damage due to a covered cause of loss, despite evidence Plaintiff's claim for damage constituted a covered loss.

9.10    By his acts, omissions, failures and conduct that are described in this petition, Rodriguez violated the DTPA. Specifically, Rodriguez violated the DTPA in the following respects:

  a.    Rodriguez represented to Plaintiff that its insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

  b.    Rodriguez represented to Plaintiff that its insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

  c.    Rodriguez represented to Plaintiff that its insurance policy and Defendants' adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which give Plaintiff the right to recover under Section 17.46 (b)(12) if the DTPA;

  d.    Rodriguez represented that Travelers would pay to repair the damages caused by a covered cause of loss and then not doing so, violated Sections 17.46 (b)(5), (7) and (12) of the DTPA.

  e.    Rodriguez engaged in an unconscionable action in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to

a grossly unfair degree. Rodriguez's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(1) and (3).

f.     Rodriguez's conduct, acts, omissions and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

9.11   All of the above-described acts, omissions and failures of defendant Rodriguez were relied upon by Plaintiff to its detriment and were a producing cause of Plaintiff's damages. Plaintiff seeks damages for such conduct as described in this petition. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiff should recover additional damages as provided by the DTPA. All of the above-described acts, omissions and failures of defendant Rodriguez were relied upon by Plaintiff to its detriment and were a producing cause of Plaintiff's damages. Plaintiff seeks damages for such conduct as described in this petition. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiff should recover additional damages as provided by the DTPA.

## 10.   PLAINTIFF'S CAUSES OF ACTIONS AGAINST MICHAEL KING

### A.   UNFAIR CLAIMS SETTLEMENT PRACTICES ACT VIOLATIONS

10.1   Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action under the Texas Insurance Code.

10.2   Plaintiff has satisfied all conditions precedent to bringing this cause of action against defendant King.

10.3    By its acts, omissions, failures and conduct, King has engaged in unfair methods of competition and unfair or deceptive acts or practices in the business of insurance in violation of Sections 541.051, 541.052, 541.060 and 541.061 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition as well as King's unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim and its failure to pay for the proper repair of Plaintiff's Property after liability had become reasonably clear.

10.4    Specifically, defendant King engaged in unfair insurance practices in the following respects:

a.    King engaged in false, misleading and deceptive acts or practices in the business of insurance in this case;

b.    King engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.060 (1) of the Texas Insurance Code by misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

c.    King engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.060 (2) of the Texas Insurance Code by failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurers liability has become reasonably clear; and,

d.    King engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.060 (7) of the Texas Insurance Code, by refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

10.5    All of the above-described acts, omissions and failures of defendant King were relied upon by Plaintiff to its detriment and were a producing and proximate cause of Plaintiff's damages. Plaintiff seeks damages for such conduct as described in this petition.

## B. **DECEPTIVE TRADE PRACTICES ACT VIOLATIONS**

10.6    Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action against King under the provisions of the DTPA.

10.7    Plaintiff has met all conditions precedent to bringing this cause of action against King.

10.8    Plaintiff cooperated with King's investigation of the claim by responding to inquiries and making the Property available for inspection by inspectors sent by Defendants.

10.9.   King failed to properly investigate Plaintiff's claim and has refused and failed to pay its claim for physical loss or damage due to a covered cause of loss, despite evidence Plaintiff's claim for damage constituted a covered loss.

10.10   By his acts, omissions, failures and conduct that are described in this petition, King violated the DTPA. Specifically, King violated the DTPA in the following respects:

    a.    King represented to Plaintiff that its insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

    b.    King represented to Plaintiff that its insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

c.  King represented to Plaintiff that its insurance policy and Defendants' adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which give Plaintiff the right to recover under Section 17.46 (b)(12) if the DTPA;

d.  King represented that Travelers would pay to repair the damages caused by a covered cause of loss and then not doing so, violated Sections 17.46 (b)(5), (7) and (12) of the DTPA.

e.  King engaged in an unconscionable action in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. King's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(1) and (3).

f.  King's conduct, acts, omissions and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

10.11  All of the above-described acts, omissions and failures of defendant King were relied upon by Plaintiff to its detriment and were a producing cause of Plaintiff's damages. Plaintiff seeks damages for such conduct as described in this petition. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiff should recover additional damages as provided by the DTPA. All of the above-described acts, omissions and failures of defendant King were relied upon by Plaintiff to its detriment and were a producing cause of Plaintiff's damages. Plaintiff seeks damages for such conduct as described in this petition. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiff should recover additional damages as provided by the DTPA.

### 11.    WAIVER AND ESTOPPEL

11.1    Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

### 12.    CONDITION PRECEDENT

12.1    All conditions precedent necessary to maintain this action have been performed, have occurred, are inapplicable, or could not be timely accomplished prior to filing of suit.

### 13.    DAMAGES

13.1    The above described acts, omissions, failures and conduct of Defendants caused Plaintiff's damages which include, without limitation, the full cost to replace or repair the damaged Property, including without limitation, damages to the building and business income or interruption loss or damage.

13.2    Plaintiff is also entitled to recover an 18% per annum penalty on that claim as damages under the Prompt Payment of Claims Act.

### 14.    ADDITIONAL DAMAGES

14.1    Defendants also "knowingly" and/or "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes.

14.2    Because of Defendants' knowing and/or intentional misconduct, Plaintiff is entitled to additional damages as authorized by the Texas Insurance Code and DTPA.

## 15.   ATTORNEY'S FEES

15.1   Plaintiff has been forced to engage the services of the below-signed attorney(s).

15.2   Plaintiff seeks attorneys' fees for the prosecution of this suit pursuant to Sec. 17.50(c) and (d) of the Texas Business and Commerce Code, Sections 541 and 542 of the Texas Insurance Code and Sec. 38.001 of the Texas Civil Practice & Remedies Code.

## 16.   JURY DEMAND

16.1   Pursuant to Texas Rule of Civil Procedure 216, Plaintiff respectfully requests that this case be tried before a jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final jury trial, that Plaintiff be allowed damages which are set forth above and which are in the sum in excess of the minimum jurisdiction of this Court, costs of Court, reasonable attorney's fees for the trial and any subsequent appeal of this case, pre-judgment interest at the highest rate permitted by law, post-judgment interest from the date of judgment until paid at the highest rate permitted by law, those damages authorized by the Texas Insurance Code and the Texas Business and Commerce Code, and for such other and further relief, both at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ William A. Kendall*
William A. Kendall
wk@smith-kendall.com
State Bar No. 24004736
Robert N. Grisham, II
robert@grishamlaw.com
State Bar No. 00792550
GRISHAM & KENDALL, PLLC
9400 N. Central Expy., Suite 910
Dallas, Texas 75231
Telephone: (214) 361-6124
Facsimile: (214) 361-6126

**ATTORNEYS FOR PLAINTIFF**

# Exhibit A-3-b

**FORM NO. 353-3 - CITATION**

**THE STATE OF TEXAS**

To:

**THE TRAVELERS LLOYDS INSURANCE COMPANY**
**BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY**
**211 EAST 7TH STREET SUITE 620**
**AUSTIN TX 78701-3218**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition **AND REQUEST FOR DISCLOSURE**, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **101st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **MRM SUPERMARKETS INC DBA CONSTANTIN'S BREAD**

Filed in said Court **6th day of April, 2015** against

**THE TRAVELERS LLOYDS INSURANCE COMPANY**

For Suit, said suit being numbered **DC-15-03894**, the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition , a copy of which accompanies this citation.
If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 9th day of April, 2015

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By: _Dianne Coffey_
DIANNE COFFEY                    , Deputy

---

CERT MAIL

**CITATION**

**DC-15-03894**

**MRM SUPERMARKETS INC**
**DBA CONSTANTIN'S BREAD**

vs.

**THE TRAVELERS LLOYDS**
**INSURANCE COMPANY,**
et al

**ISSUED THIS**
**9th day of April, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DIANNE COFFEY, Deputy

**Attorney for Plaintiff**
WILLIAM A KENDALL
NORTHPARK CENTRAL
8750 N CENTRAL EXPY
SUITE 1010
DALLAS TX 75231
214-361-6124



DALLAS COUNTY CONSTABLE
FEES PAID    FEES NOT PAID

OFFICER'S RETURN

Case No. : DC-15-03894

Court No.101st District Court

Style: MRM SUPERMARKETS INC DBA CONSTANTIN'S BREADS

vs.

THE TRAVELERS LLOYDS INSURANCE COMPANY, et al

Came to hand on the ___9TH___ day of ___APRIL___, 20 _15_, at _8:56_ A_ o'clock _____.M. on the _14th_ day

of ___April___, 20 _15_, at _____ o'clock _____ .M. Executed at

_211 E 7th St Ste 620_ within the County of

_Austin TX_ , by delivering to the within named

_The Travelers Lloyds Insurance Co Bsegning Reg Agt_

_Corporation Service Company — signed by C. Saizan_

each, BY US CERTIFIED MAIL, RETURN RECEIPT REQUESTED, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed

on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

| For serving Citation | $ 76.00 | Signed By: C. Saizan |
|---|---|---|
| For mileage | $ | of _____ County, |
| For Notary | $ | By _Dianne Copper_ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____
Notary Public _____ County

**FELICIA PITRE**
DISTRICT CLERK
600 COMMERCE STREET
DALLAS, TEXAS 75202-4606

9214 - 8901 - 0991 - 5400 - 0056 - 0353 - 42

FILED
2015 APR 16  AM 7:47
FELICIA PITRE
DISTRICT CLERK
DALLAS CO. TEXAS
DEPUTY

FELICIA PITRE
DISTRICT CLERK
GEORGE L ALLEN, SR. COURTS BLDG.
600 COMMERCE ST STE 103
DALLAS, TX 75202-4689



**Return Receipt (Electronic)**

9214 8901 0661 5400 0056 0353 42

**DC1503894**

CORPORATION SERVICE COMPANY
THE TRAVELERS LLOYDS INSURANCE COMPANY
211 E 7TH ST STE 620
AUSTIN, TX 78701-3218

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . CUT / FOLD HERE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6"X9" ENVELOPE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
CUT / FOLD HERE

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . CUT / FOLD HERE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .



**UNITED STATES**
**POSTAL SERVICE.**

Date: April 14, 2015

MAIL MAIL:

The following is in response to your April 14, 2015 request for delivery information on your Certified Mail™/RRE item number 92148901066154000056035342.  The delivery record shows that this item was delivered on April 14, 2015 at 8:41 am in AUSTIN, TX 78744. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the United States Postal Service.  It is solely for customer use.

DC1503894
CORPORATION SERVICE COMPANY
THE TRAVELERS LLOYDS INSURANCE COMPANY
211 E 7TH ST STE 620
AUSTIN TX 78701-3218

Exhibit A-3-c

FILED
2015 APR 20 PM 2: 41
FELICIA PITRE
DISTRICT CLERK
DALLAS CO TEXAS
_____ DEPUTY

## OFFICER'S RETURN

Case No.: DC-15-03894

Court No.101st District Court

Style: MRM SUPERMARKETS INC DBA CONSTANTIN'S BREADS

vs.

THE TRAVELERS LLOYDS INSURANCE COMPANY, et al

Came to hand on the ___9TH___ day of ___APRIL___ 20 __15__ at __8:56__ A. o'clock ___ M. on the __15th__ day

of __april__, 20 __15__, at ___ o'clock ___ .M. Executed at

P.O.Box 2949, within the County of _____

Hartford, CT ___ by delivering to the within named

Marc Rodriguez, Traveler - Signed by: Greg Ogonoski

each, **BY US CERTIFIED MAIL RETURN RECEIPT REQUESTED**, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed

+ Restraint of Delivery

on same date of delivery. The distance actually traveled by me in serving such process was ___ miles and my fees are as follows: To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $ 76.00 | Signed By: Greg Ogonoski |
| For mileage | $ | of ___ County, |
| For Notary | $ | By: Leanne [signature] Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 ___,

to certify which witness my hand and seal of office.

_____
Notary Public   County

**FELICIA PITRE**
DISTRICT CLERK
600 COMMERCE STREET
DALLAS, TEXAS 75202-4606

9214-8901-0661-5400-0056-0340-55

# FORM NO. 353-3 – CITATION
## THE STATE OF TEXAS

To:
**MARC RODRIGUEZ**
**TRAVELERS**
**PO BOX 2949**
**HARTFORD CONNECTICUT 06104-2949**

GREETINGS:

~~You have been sued.  You may employ an attorney.  If you or your attorney do not file a written~~
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty  days after you were served this citation and petition **AND REQUEST FOR**
**DISCLOSURE**, a default judgment may be taken against you.  Your answer should be addressed to the
clerk of the **101st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **MRM SUPERMARKETS INC DBA CONSTANTIN'S BREAD**

Filed in said Court **6th day of April, 2015** against

**THE TRAVELERS LLOYDS INSURANCE COMPANY**

For Suit, said suit being numbered **DC-15-03894**, the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition , a copy of which accompanies this citation.
If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 9th day of April, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By: _[signature]_
DIANNE COFFEY

---

## CERT MAIL

# CITATION

## DC-15-03894

**MRM SUPERMARKETS INC**
**DBA CONSTANTIN'S BREAD**
vs.
**THE TRAVELERS LLOYDS**
**INSURANCE COMPANY,**
**et al**

ISSUED THIS
**9th day of April, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DIANNE COFFEY, Deputy

**Attorney for Plaintiff**
**WILLIAM A KENDALL**
**NORTHPARK CENTRAL**
**8750 N CENTRAL EXPY**
**SUITE 1010**
**DALLAS TX 75231**
214-361-6124

DALLAS COUNTY CONSTABLE
FEES NOT PAID
FEES PAID

FELICIA PITRE
DISTRICT CLERK
GEORGE L ALLEN, SR. COURTS BLDG.
600 COMMERCE ST STE 103
DALLAS, TX 75202-4669



**Return Receipt (Electronic)**

9214 8901 0661 5400 0056 0340 55

DC1503894

MARC RODRIGUEZ
TRAVELERS
PO BOX 2949
HARTFORD, CT 06104-2949

CUT / FOLD HERE

6"x9" ENVELOPE
CUT / FOLD HERE

CUT / FOLD HERE


**UNITED STATES**
**POSTAL SERVICE.**

Date: April 15, 2015

MAIL MAIL:

The following is in response to your April 15, 2015 request for delivery information on your Certified Mail™/RRE item number 92148901066154000056034055. The delivery record shows that this item was delivered on April 15, 2015 at 7:30 am in HARTFORD, CT 06104. The scanned image of the recipient information is provided below.

Signature of Recipient :

**GREG OGONOSKI**

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

DC1503894
MARC RODRIGUEZ
TRAVELERS
PO BOX 2949
HARTFORD CT 06104-2949

Exhibit A-3-d

FILED
DALLAS COUNTY
4/28/2015 2:48:45 PM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-15-03894

| | | |
|---|---|---|
| MRM SUPERMARKETS, INC. d/b/a CONSTANTIN'S BREADS, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| vs. | § § | DALLAS COUNTY, TEXAS |
| THE TRAVELERS LLOYDS INSURANCE COMPANY, MARC RODRIGUEZ AND MICHAEL KING, | § § § § | |
| Defendants. | § | E-101ST JUDICIAL DISTRICT |

## DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendants The Travelers Lloyds Insurance Company ("Travelers"), and Marc Rodriguez, ("Rodriguez") collectively ("Defendants"), submit the following Original Answer to Plaintiff's MRM Supermarkets, Inc. d/b/a Constantin's Bread's Original Petition. Upon information and belief, Defendant Michael King has not yet been served.

### I.
### GENERAL DENIAL

Pursuant to Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants generally deny each and every allegation contained in Plaintiff's Original Petition and demand strict proof thereof. By this general denial, Defendants demand that Plaintiff prove every fact in support of their claims regarding violations of the TEXAS INSURANCE CODE, violations of the duty of good faith and fair dealing, DECEPTIVE TRADE PRACTICES ACT and breach of contract by a preponderance of the evidence. By this general denial, Defendants further demand that Plaintiff prove every fact in support of its exemplary damages claims by clear and convincing evidence.

## II.
## AFFIRMATIVE DEFENSES

1.      Plaintiff's claims are subject to all of the terms, conditions, limitations and exclusions, contained in The Travelers Lloyds Insurance Company policy number 680 7A946101-13-42 (the "Policy").

2.      The amount recoverable for Plaintiff's claims is limited by the applicable limits and any sub-limits contained in the Policy.

3.      Plaintiff's claims are barred, in whole or in part, to the extent the claimed loss or damage was pre-existing and/or did not occur during the applicable policy period.

4.      Plaintiff's claims are barred, in whole or in part, to the extent the physical loss of or damage was not caused by or resulting from a covered cause of loss.

5.      Plaintiff's claims are barred, in whole or in part, by Plaintiff's neglect to use all reasonable means to save and preserve the property from further damage at and after the time of loss.

6.      Plaintiff's claims are barred, in whole or in part, to the extent the claimed damage was caused by or resulted from wear and tear, rust, corrosion, fungus, decay, deterioration, wet or dry rot, hidden or latent defect, or any quality in property that causes it to damage or destroy itself.

7.      Plaintiff's claims are barred, in whole or in part, to the extent the claimed damage was caused by or resulted from settling, cracking, shrinking or expansion.

8.      Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's claimed damage was caused by or resulted from faulty, inadequate or defective planning, development, design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction, materials or maintenance.

9.     Plaintiff's claims are barred, in whole or in part, to the extent the claimed damage was caused by or resulted from continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

10.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to meet all conditions precedent to the recovery it now seeks under the Policy.

11.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff and/or its agents' acts or omissions proximately caused or contributed to Plaintiff's injury.

12.     Plaintiff's claims are barred, in whole or in part, pursuant to the doctrine of accord and satisfaction.

13.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, waiver, and unclean hands.

14.     A bona fide controversy exists concerning the extent of Plaintiff's entitlement to benefits under the Policy.  Travelers and its employees, agents, representatives, and adjusters are entitled to value claims differently from Travelers' policyholders without facing bad faith or extra-contractual liability. Travelers would show that a bona fide controversy exists regarding the scope of any alleged covered loss and/or whether and the extent to which any asserted loss was the result of a covered occurrence or occurrences to covered property.

15.     Defendants reserve the right to assert additional defenses with respect to such losses or damages as additional information becomes available or apparent as this litigation proceeds.

## III.
## PRAYER

Defendants pray that (i) Plaintiff's claim for relief be denied in its entirety, (ii) Plaintiff take nothing, and (iii) Defendants be granted such other and further relief to which they are justly entitled.

Respectfully submitted,

**ZELLE HOFMANN VOELBEL & MASON LLP**

By:_____*/s/ Jennifer L. Gibbs*_____
    James W. Holbrook, III
    Texas Bar No. 24032426
    jholbrook@zelle.com
    Jennifer L. Gibbs
    Texas Bar No. 24050656
    jgibbs@zelle.com
    John W. Maniscalco
    Texas Bar No. 24078913
    jmaniscalco@zelle.com

901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:   241-742-3000
Facsimile:   214-760-8994

**ATTORNEYS FOR DEFENDANTS
THE TRAVELERS LLOYDS INSURANCE
COMPANY AND MARC RODRIGUEZ**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Original Answer has been

served this ___28th___ day of April, 2015, in accordance with the TEXAS RULES OF CIVIL PROCEDURE

as follows:

>William A. Kendall
>wk@smith-kendall.com
>Robert N. Grisham, II
>Robert@grishamlaw.com
>GRISHAM & KENDALL, PLLC
>9400 N. Central Expwy., Suite 910
>Dallas, TX  75231
>Telephone:     214-361-6124
>Facsimile:     214-361-6126
>***Attorneys for Plaintiff***
>***MRM Supermarkets, Inc. d/b/a***
>***Constantin's Breads***

>                         ___/s/ Jennifer L. Gibbs_____
>                              Jennifer L. Gibbs

Exhibit A-3-e

FILED
DALLAS COUNTY
5/6/2015 1:19:43 PM
FELICIA PITRE
DISTRICT CLERK



101ST DISTRICT COURT
GEORGE L. ALLEN, SR. COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS  75202-4604

May 06, 2015

MICHAEL KING
1400 NW 1st AVENUE
MINERAL WELLS TX  76067-3505

Re:   DC-15-03894
      MRM SUPERMARKETS INC  vs.  THE TRAVELERS LLOYDS INSURANCE
COMPANY, et al

ALL COUNSEL OF RECORD/PRO SE LITIGANTS:

PLEASE TAKE NOTE OF THE FOLLOWING SETTINGS:

        Jury Trial - Civil:    05/17/2016 @ 9:00 AM

Trial announcements **MUST BE MADE** in accordance with Rule 3.02, Local Rules of
the Civil Court of Dallas County, Texas.

When **NO** announcement is made for defendant, defendant will be presumed ready.  If
**ANY** plaintiff fails to announce or to appear at trial, the case will be dismissed for want
of prosecution in accordance with Rule 165a, Texas Rules of Civil Procedure.

Completion of discovery, presentation of pretrial motions, and other matters relating to
the preparation for trial, are controlled by the Scheduling Order in this case or by the Texas
Rules of Civil Procedure, in the event no Scheduling Order has been signed by the
Court.

Please forward a copy of this notice to counsel of record for each party and all pro se
parties by a method approved in Texas Rules of Civil Procedure 21a.

SINCERELY,

Honorable STACI WILLIAMS
JUDGE, 101ST DISTRICT COURT
DALLAS COUNTY, TEXAS

pc:  MICHAEL KING; JENNIFER L. GIBBS; WILLIAM A KENDALL



### 101ST DISTRICT COURT
GEORGE L. ALLEN, SR. COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS  75202-4604

May 06, 2015

WILLIAM A KENDALL
NORTHPARK CENTRAL
8750 N CENTRAL EXPY
SUITE 1010
DALLAS TX  75231

Re:   DC-15-03894
       MRM SUPERMARKETS INC  vs.  THE TRAVELERS LLOYDS INSURANCE
COMPANY, et al

ALL COUNSEL OF RECORD/PRO SE LITIGANTS:

PLEASE TAKE NOTE OF THE FOLLOWING SETTINGS:

> Jury Trial - Civil:    05/17/2016 @ 9:00 AM

Trial announcements **MUST BE MADE** in accordance with Rule 3.02, Local Rules of
the Civil Court of Dallas County, Texas.

When **NO** announcement is made for defendant, defendant will be presumed ready.  If
**ANY** plaintiff fails to announce or to appear at trial, the case will be dismissed for want
of prosecution in accordance with Rule 165a, Texas Rules of Civil Procedure.

Completion of discovery, presentation of pretrial motions, and other matters relating to
the preparation for trial, are controlled by the Scheduling Order in this case or by the
Texas Rules of Civil Procedure, in the event no Scheduling Order has been signed by the
Court.

Please forward a copy of this notice to counsel of record for each party and all pro se
parties by a method approved in Texas Rules of Civil Procedure 21a.

SINCERELY,

Honorable STACI WILLIAMS
JUDGE, 101ST DISTRICT COURT
DALLAS COUNTY, TEXAS

pc:  MICHAEL KING; JENNIFER L. GIBBS; WILLIAM A KENDALL



## 101ST DISTRICT COURT
GEORGE L. ALLEN, SR. COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS  75202-4604

May 06, 2015

JENNIFER L. GIBBS
ZELLE HOFMANN VOELBEL & MASON LLP
901 MAIN ST
SUITE 4000
DALLAS TX  75202

Re:   DC-15-03894
     MRM SUPERMARKETS INC  vs.  THE TRAVELERS LLOYDS INSURANCE COMPANY, et al

ALL COUNSEL OF RECORD/PRO SE LITIGANTS:

PLEASE TAKE NOTE OF THE FOLLOWING SETTINGS:

     Jury Trial - Civil:   05/17/2016 @ 9:00 AM

Trial announcements **MUST BE MADE** in accordance with Rule 3.02, Local Rules of the Civil Court of Dallas County, Texas.

When **NO** announcement is made for defendant, defendant will be presumed ready.  If **ANY** plaintiff fails to announce or to appear at trial, the case will be dismissed for want of prosecution in accordance with Rule 165a, Texas Rules of Civil Procedure.

Completion of discovery, presentation of pretrial motions, and other matters relating to the preparation for trial, are controlled by the Scheduling Order in this case or by the Texas Rules of Civil Procedure, in the event no Scheduling Order has been signed by the Court.

Please forward a copy of this notice to counsel of record for each party and all pro se parties by a method approved in Texas Rules of Civil Procedure 21a.

SINCERELY,

Honorable STACI WILLIAMS
JUDGE, 101ST DISTRICT COURT
DALLAS COUNTY, TEXAS

pc:  MICHAEL KING; JENNIFER L. GIBBS; WILLIAM A KENDALL

CAUSE NO.  <u>DC-15-03894</u>

| | |
|---|---|
| **MRM SUPERMARKETS INC** | **IN THE DISTRICT COURT** |
| **vs.** | **101st JUDICIAL DISTRICT** |
| **THE TRAVELERS LLOYDS INSURANCE COMPANY, et al** | **DALLAS COUNTY, TEXAS** |

### MEDIATION ORDER

This case is appropriate for mediation pursuant to Section 154.001 et seq. of the Texas Civil Practice and Remedies Code. **WILL PRYOR**, at TWO LINCOLN CENTRE      5420 LBJ FREEWAY SUITE 626   DALLAS TX 75240, is appointed mediator in the above case and all counsel are directed to contact mediator to arrange the logistics of mediation within seven (7) days from the date of this Order. Any objection to this Order must be filed and served upon all parties and the mediator, and a hearing must be requested, within fourteen (14) days from the date of this Order; an objection that is neither timely filed, nor ruled upon before the scheduled mediation may be waived.

 Mediation is a mandatory but non-binding settlement conference, conducted with the assistance of the mediator.  Mediation is private, confidential and privileged from process and discovery.  After mediation, the court will be advised by the mediator, parties, and counsel, only that the case did or did not settle.  The mediator shall not be a witness nor may the mediator's records be subpoenaed or used as evidence.  No subpoenas, citations, writs, or other process shall be served at or near the location of any mediation session, upon any person entering, leaving or attending any mediation session.

 The mediator will negotiate a reasonable fee with the parties which shall be divided and borne equally by the parties unless agreed otherwise, paid by the parties directly to the mediator, and taxed as costs.  If the parties do not agree upon the fee requested by the mediator, the court will set a reasonable fee, which shall be taxed as costs. Each party and their counsel will be bound by the rules for mediation printed on the reverse hereof, and shall complete the information forms as are furnished by the mediator.

 Named parties shall be present during the entire mediation process and each corporate party must be represented by an executive officer with authority to negotiate a settlement.  Any mediated settlement involving a minor's interest must be either signed off by the ad litem or submitted to the Court for approval.  Counsel, the parties and the mediator shall agree upon a mediation date within 5 days from the date of this order.  If no date can be agreed upon within the five (5) day period, then the mediator shall select a date for the mediation and all parties shall appear as directed by the mediator.

 The date scheduled by the mediator is incorporated into this Order as the date upon which the mediation session shall occur.   In any event, the mediation shall be conducted no later than **SIXTY (60) DAYS**, before the Trial Setting, which is 05/17/2016.

 Failure or refusal to attend the mediation as scheduled may result in imposition of sanctions, as permitted by law, which may include dismissal or default judgment.  Failure to mediate will not be considered cause for continuance of the trial date.  Referral to mediation is neither a substitute for, nor a cause for delay of trial, and the case will be tried if not settled.

 The mediator is to mail a report regarding the outcome of the mediation session to the Court, with a copy to the ADR Coordinator, immediately after the mediation session.

 Counsel shall cooperate with the Court and the mediator in the initiation and conduct of the mediation. "Supreme Court of Texas Miscellaneous Docket No. 05-9107, June 13, 2005."

**SIGNED** on  <u>5/6/2015</u>

STACI WILLIAMS, Presiding Judge

pc: WILL PRYOR; MICHAEL KING; JENNIFER L. GIBBS; WILLIAM A KENDALL

RULES FOR MEDIATION

**1. Definition of Mediation.** Mediation is a process under which an impartial person, the mediator, facilitates communication between the parties to promote reconciliation, settlement or understanding among them. The mediator may suggest ways of resolving the dispute, but may not impose his own judgment on the issues for that of the parties.

**2. Conditions Precedent to Serving a Mediator.** The mediator shall not serve as a mediator in any dispute in which he has any financial or personal interest in the result of the mediation. Prior to accepting an appointment, the mediator shall disclose any circumstances likely to create a presumption of bias or prevent a prompt meeting with the parties.

**3. Authority of Mediator.** The mediator does not have the authority to decide any issue for the parties, but will attempt to facilitate the voluntary resolution of the dispute by the parties. The mediator is authorized to conduct joint and separate meetings with the parties and to offer suggestions to assist the parties achieve settlement. If necessary, the mediator may also obtain expert advice concerning technical aspects of the dispute, provided that the parties agree and assume the expenses of obtaining such advice, arrangements for obtaining such advice shall be made by the mediator of the parties, as the mediator shall determine.

**4. Parties Responsible for Negotiating Their Own Settlement.** The parties understand that the mediator will not and cannot impose a settlement in their case. The mediator, as an advocate for settlement, will use every effort to facilitate the negotiations of the parties. The mediator does not warrant or represent that settlement will result from the mediation process.

**5. Authority of Representatives.** Party representatives must have authority to settle and all persons necessary to the decision to settle shall be present. The names and addresses of such persons shall be communicated in writing to all parties and the mediator.

**6. Time and Place of Mediation.** The mediator shall fix the time of each mediation session. The mediation shall be held at the office of mediator, or at any other convenient location agreeable to the mediator and the parties, as the mediator shall determine.

**7. Identification of Matters in Dispute.** Prior to the first scheduled mediation session, each party shall provide the mediator and all attorneys of record with an information sheet and request for mediation on the form provided by the mediator setting forth its position with regard to the issues that need to be resolved. At or before the first session, the parties will be expected to produce all information reasonably required for the mediator to understand the issues presented. The mediator may require any party to supplement such information.

**8. Privacy.** Mediation sessions are private. The parties and their representatives may attend mediation sessions. Other persons may attend only with the permission of the parties and with the consent of the mediator.

**9. Confidentiality.** Confidential information disclosed to a mediator by the parties or by witnesses in the course of the mediation shall not be divulged by the mediator. All records, reports or other documents received by a mediator while serving in that capacity shall be confidential. The mediator shall not be compelled to divulge such records or to testify in regard to the mediation in any adversary proceeding or judicial forum except as may be provided in Section 154.073 of the Texas Civil Practice and Remedies Code. Any party that violates this order may be subject to the imposition of sanctions as may be permitted by law. The parties shall maintain the confidentiality of the mediation and shall not rely on, or introduce as evidence in any arbitral, judicial or other proceeding: A) Views expressed or suggestions made by another party with respect to a possible settlement of the dispute; B) Admissions made by another party in the course of the mediation proceedings; C) Proposals made or views expressed by the mediator; or D) The fact that another party had or had not indicated willingness to accept a proposal for settlement made by the mediator.

**10. No Stenographic Record.** There shall be no stenographic record of the mediation process and no person shall tape record any portion of the mediation session.

**11. No Service of Process At or Near The Site of The Mediation Session.** No Subpoenas, summons, complaints, citations, writs or other process may be served upon any person at or near the site of any mediation session upon any person entering, attending or leaving the session.

**12. Termination of Mediation.** The mediation shall be terminated: A) By the execution of a settlement agreement by the parties; B) By declaration of the mediator to the effect that further efforts at mediation are no longer worthwhile; or C) After the completion of one full mediation session, by a written declaration of a party or parties to the effect that the mediation proceedings are terminated.

**13. Interpretation and Application of Rules.** The mediator shall interpret and apply these rules.

**14. Fees and Expenses.** The mediators daily fee, if agreed upon prior to mediation, shall be paid in advance of each mediation day. The expenses of witnesses for either side shall be paid by the party producing such witnesses. All other expenses of the mediation, including fees and expenses of the mediator, and the expenses of any witness and the cost of any proofs or expert advice produced at the direct request of the mediator, shall be borne equally by the parties unless they agree otherwise.

**ADDITIONALLY, YOU MAY ACCESS THE COURT'S FILE, BY GOING TO:**
**http://courts.dallascounty.org/default.aspx**

CAUSE No. <u>DC-15-03894</u>

| | |
|---|---|
| **MRM SUPERMARKETS INC** | **IN THE DISTRICT COURT** |
| **vs.** | **101ST JUDICIAL DISTRICT** |
| **THE TRAVELERS LLOYDS INSURANCE COMPANY, et al** | **DALLAS COUNTY, TEXAS** |

## UNIFORM SCHEDULING ORDER (LEVEL 3)

In accordance with Rules 166, 190 and 192 of the Texas Rules of Civil Procedure, the Court makes the following order to control discovery and the schedule of this cause:

1.　This case will be ready and is set for **JURY TRIAL - CIVIL** on **MAY 17, 2016** at **9:00 AM** ("this Trial Setting").  Reset or continuance of this Trial Setting will not alter any deadlines established in this Order or established by the Texas Rules of Civil Procedure, unless otherwise provided by order.

2.　Pretrial matters will be completed by the following dates:

a. amended pleadings asserting new causes of action or defenses............................................. 130 days before this Trial Setting

b. fact discovery closes ........................................ 115 days before this Trial Setting

c. party seeking affirmative relief to designate experts (if no reports provided) 115 days before this Trial Setting

d. party seeking affirmative relief to designate experts (if reports provided) 105 days before this Trial Setting

e. party opposing affirmative relief to designate experts & provide reports .............. 90 days before this Trial Setting

f. designation of rebuttal experts & provide reports ........................................................... 75 days before this Trial Setting

g. all expert discovery closes ............................. 45 days before this Trial Setting

h. other amended pleadings................................. 45 days before this Trial Setting

3.　The parties may, by written agreement, alter the pretrial deadlines, set forth above.  Amended pleadings responsive to timely filed pleadings under this Order may be filed after the deadline for amended pleadings if filed within two (2) weeks after the pleading to which they respond.  Except by agreement of the party, leave of court, or where expressly authorized by the Texas Rules of Civil Procedure, no party may obtain discovery of information subject to disclosure under Rule 194 by any other form of discovery.  Any objection or motion to exclude or limit expert testimony due to qualification of the expert or reliability of the opinions must be filed no later than seven (7) days after the close of expert discovery, or such objection is waived.  Any motion to compel responses to discovery (other than relating to factual matters arising after the end of fact discovery) must be filed no later than seven (7) days after the close of fact discovery or such complaint is waived, except for the sanction of exclusion under Rule 193.6.

4.　Each side may have 75 hours of depositions and each party may have 50 interrogatories, subject to the conditions of Rule 190.3(b)(2) and (3).

5.　No additional parties may be joined more than eight (8) months after the commencement of this case except on motion for leave showing good cause.  This paragraph

does not otherwise alter the requirements of Rule 38. The party joining an additional party shall serve a copy of this Order on the new party concurrently with the pleading joining that party.

6. The parties shall mediate this case no later than sixty (60) days before this Trial Setting, unless otherwise provided by court order. Mediation will be conducted in accordance with the standing Dallas County Civil District Court order regarding mediation, which is available from the Dallas County ADR Coordinator. All parties shall contact the mediator to arrange the mediation in accordance with this Court's MEDIATION ORDER. **WILL PRYOR**, at TWO LINCOLN CENTRE 5420 LBJ FREEWAY SUITE 626 DALLAS TX 75240 is hereby appointed mediator. The parties must advise both the court and the aforementioned mediator in writing of any agreed mediator within fourteen (14) days from the date this Order. Any mediator substitution requested beyond such time may only be made by motion for submission to the court for good cause and under extraordinary circumstances. Unless otherwise ordered by the court, the parties shall select a mediator by agreement; if the parties are unable to agree on a mediator, they shall advise the court within fourteen (14) days of the date of this order; the court will appoint a mediator.

7. Fourteen (14) days before this Trial Setting, the parties shall exchange designations of deposition testimony to be offered in direct examination and a list of exhibits, including any demonstrative aids and affidavits, and shall exchange copies of any exhibits not previously produced in discovery; over-designation is strongly discouraged and may be sanctioned. Except for records to be offered by way of business record affidavits, each exhibit must be identified separately and not by category or group designation. Ten (10) days before this Trial Setting, the parties shall exchange in writing their objections to the opposing party's proposed exhibits, including objections under Rule 193.7, and deposition testimony. On or before ten (10) days before this Trial Setting, the attorneys in charge for all parties shall meet in person to confer on stipulations regarding the materials to be submitted to the Court under this paragraph and attempt to maximize agreement on such matters. By 4 p.m. on the Thursday before this Trial Setting, the parties shall file with the Court the materials stated in Rule 166(d)-(m), an estimate of the length of trial, designation of deposition testimony to be offered in direct examination, and any motions in limine. Failure to file such materials may result in dismissal for want of prosecution or other appropriate sanction.

8. All Daubert challenges and witness challenges and all dispositive motions, including Motions for Summary Judgment, shall be set and heard at least 30 days prior to this trial setting or they are waived.

Plaintiff/Plaintiff's counsel shall serve a copy of this order on any currently named defendants answering after the date of this order.

**SIGNED** on _5/6/2015_.

_[signature]_

STACI WILLIAMS, Presiding Judge

pc: WILL PRYOR; MICHAEL KING; JENNIFER L. GIBBS; WILLIAM A KENDALL

**ADDITIONALLY, YOU MAY ACCESS THE COURT'S FILE, BY GOING TO:**
**http://courts.dallascounty.org/default.aspx**

In The District Court
of Dallas County, Texas
101st District Court

May 06, 2015

WILL PRYOR
TWO LINCOLN CENTRE
5420 LBJ FREEWAY, SUITE 626
DALLAS, TX 75240

IN RE:  DC-15-03894
      MRM SUPERMARKETS INC  vs.  THE TRAVELERS LLOYDS INSURANCE
COMPANY, et al

PLEASE SEE ATTACHMENT(S):

Cc:
MICHAEL KING
1400 NW 1st AVENUE
MINERAL WELLS TX 76067-3505;

JENNIFER L GIBBS
ZELLE HOFMANN VOELBEL & MASON LLP
901 MAIN ST
SUITE 4000
DALLAS TX 75202;

WILLIAM A KENDALL
NORTHPARK CENTRAL
8750 N CENTRAL EXPY
SUITE 1010
DALLAS TX 75231

Exhibit A-3-f

CAUSE No. <u>DC-15-03894</u>

| | |
|---|---|
| **MRM SUPERMARKETS INC** | **IN THE DISTRICT COURT** |
| **vs.** | **101ST JUDICIAL DISTRICT** |
| **THE TRAVELERS LLOYDS INSURANCE COMPANY, et al** | **DALLAS COUNTY, TEXAS** |

## UNIFORM SCHEDULING ORDER (LEVEL 3)

In accordance with Rules 166, 190 and 192 of the Texas Rules of Civil Procedure, the Court makes the following order to control discovery and the schedule of this cause:

1.     This case will be ready and is set for **JURY TRIAL - CIVIL** on **MAY 17, 2016** at **9:00 AM** ("this Trial Setting").  Reset or continuance of this Trial Setting will not alter any deadlines established in this Order or established by the Texas Rules of Civil Procedure, unless otherwise provided by order.

2.     Pretrial matters will be completed by the following dates:

    a. amended pleadings asserting new causes of action or defenses............................................ 130 days before this Trial Setting

    b. fact discovery closes ...................................... 115 days before this Trial Setting

    c. party seeking affirmative relief to designate experts (if no reports provided) 115 days before this Trial Setting

    d. party seeking affirmative relief to designate experts (if reports provided) 105 days before this Trial Setting

    e. party opposing affirmative relief to designate experts & provide reports .............. 90 days before this Trial Setting

    f. designation of rebuttal experts & provide reports ............................................. 75 days before this Trial Setting

    g. all expert discovery closes ............................. 45 days before this Trial Setting

    h. other amended pleadings................................ 45 days before this Trial Setting

3.     The parties may, by written agreement, alter the pretrial deadlines, set forth above.  Amended pleadings responsive to timely filed pleadings under this Order may be filed after the deadline for amended pleadings if filed within two (2) weeks after the pleading to which they respond. Except by agreement of the party, leave of court, or where expressly authorized by the Texas Rules of Civil Procedure, no party may obtain discovery of information subject to disclosure under Rule 194 by any other form of discovery. Any objection or motion to exclude or limit expert testimony due to qualification of the expert or reliability of the opinions must be filed no later than seven (7) days after the close of expert discovery, or such objection is waived. Any motion to compel responses to discovery (other than relating to factual matters arising after the end of fact discovery) must be filed no later than seven (7) days after the close of fact discovery or such complaint is waived, except for the sanction of exclusion under Rule 193.6.

4.     Each side may have 75 hours of depositions and each party may have 50 interrogatories, subject to the conditions of Rule 190.3(b)(2) and (3).

5.     No additional parties may be joined more than eight (8) months after the commencement of this case except on motion for leave showing good cause.  This paragraph

does not otherwise alter the requirements of Rule 38. The party joining an additional party shall serve a copy of this Order on the new party concurrently with the pleading joining that party.

6.     The parties shall mediate this case no later than sixty (60) days before this Trial Setting, unless otherwise provided by court order. Mediation will be conducted in accordance with the standing Dallas County Civil District Court order regarding mediation, which is available from the Dallas County ADR Coordinator. All parties shall contact the mediator to arrange the mediation in accordance with this Court's MEDIATION ORDER. **WILL PRYOR**, at TWO LINCOLN CENTRE          5420 LBJ FREEWAY SUITE 626      DALLAS TX  75240 is hereby appointed mediator. The parties must advise both the court and the aforementioned mediator in writing of any agreed mediator within fourteen (14) days from the date this Order. Any mediator substitution requested beyond such time may only be made by motion for submission to the court for good cause and under extraordinary circumstances. Unless otherwise ordered by the court, the parties shall select a mediator by agreement; if the parties are unable to agree on a mediator, they shall advise the court within fourteen (14) days of the date of this order; the court will appoint a mediator.

7.     Fourteen (14) days before this Trial Setting, the parties shall exchange designations of deposition testimony to be offered in direct examination and a list of exhibits, including any demonstrative aids and affidavits, and shall exchange copies of any exhibits not previously produced in discovery; over-designation is strongly discouraged and may be sanctioned. Except for records to be offered by way of business record affidavits, each exhibit must be identified separately and not by category or group designation. Ten (10) days before this Trial Setting, the parties shall exchange in writing their objections to the opposing party's proposed exhibits, including objections under Rule 193.7, and deposition testimony. On or before ten (10) days before this Trial Setting, the attorneys in charge for all parties shall meet in person to confer on stipulations regarding the materials to be submitted to the Court under this paragraph and attempt to maximize agreement on such matters. By 4 p.m. on the Thursday before this Trial Setting, the parties shall file with the Court the materials stated in Rule 166(d)-(m), an estimate of the length of trial, designation of deposition testimony to be offered in direct examination, and any motions in limine. Failure to file such materials may result in dismissal for want of prosecution or other appropriate sanction.

8.     All Daubert challenges and witness challenges and all dispositive motions, including Motions for Summary Judgment, shall be set and heard at least 30 days prior to this trial setting or they are waived.

Plaintiff/Plaintiff's counsel shall serve a copy of this order on any currently named defendants answering after the date of this order.

**SIGNED** on  5/6/2015 .

_____
STACI WILLIAMS, Presiding Judge

pc:    WILL PRYOR; MICHAEL KING; JENNIFER L. GIBBS; WILLIAM A KENDALL

**ADDITIONALLY, YOU MAY ACCESS THE COURT'S FILE, BY GOING TO:**
**http://courts.dallascounty.org/default.aspx**

# Exhibit A-3-g

45 6E
· · 435

## CAUSE NO.  DC-15-03894

| | |
|---|---|
| **MRM SUPERMARKETS INC** | **IN THE DISTRICT COURT** |
| **vs.** | |
| | **101st JUDICIAL DISTRICT** |
| **THE TRAVELERS LLOYDS** | |
| **INSURANCE COMPANY, et al** | **DALLAS COUNTY, TEXAS** |

### MEDIATION ORDER

This case is appropriate for mediation pursuant to Section 154.001 et seq. of the Texas Civil Practice and Remedies Code. **WILL PRYOR,** at TWO LINCOLN CENTRE      5420 LBJ FREEWAY SUITE 626   DALLAS TX 75240, is appointed mediator in the above case and all counsel are directed to contact mediator to arrange the logistics of mediation within seven (7) days from the date of this Order.  Any objection to this Order must be filed and served upon all parties and the mediator, and a hearing must be requested, within fourteen (14) days from the date of this Order; an objection that is neither timely filed, nor ruled upon before the scheduled mediation may be waived.

  Mediation is a mandatory but non-binding settlement conference, conducted with the assistance of the mediator.  Mediation is private, confidential and privileged from process and discovery.  After mediation, the court will be advised by the mediator, parties, and counsel, only that the case did or did not settle.  The mediator shall not be a witness nor may the mediator's records be subpoenaed or used as evidence.  No subpoenas, citations, writs, or other process shall be served at or near the location of any mediation session, upon any person entering, leaving or attending any mediation session.

  The mediator will negotiate a reasonable fee with the parties which shall be divided and borne equally by the parties unless agreed otherwise, paid by the parties directly to the mediator, and taxed as costs.  If the parties do not agree upon the fee requested by the mediator, the court will set a reasonable fee, which shall be taxed as costs.  Each party and their counsel will be bound by the rules for mediation printed on the reverse hereof, and shall complete the information forms as are furnished by the mediator.

  Named parties shall be present during the entire mediation process and each corporate party must be represented by an executive officer with authority to negotiate a settlement.  Any mediated settlement involving a minor's interest must be either signed off by the ad litem or submitted to the Court for approval.  Counsel, the parties and the mediator shall agree upon a mediation date within 5 days from the date of this order.  If no date can be agreed upon within the five (5) day period, then the mediator shall select a date for the mediation and all parties shall appear as directed by the mediator.

  The date scheduled by the mediator is incorporated into this Order as the date upon which the mediation session shall occur.  In any event, the mediation shall be conducted no later than **SIXTY (60) DAYS**, before the Trial Setting, which is 05/17/2016.

  Failure or refusal to attend the mediation as scheduled may result in imposition of sanctions, as permitted by law, which may include dismissal or default judgment.  Failure to mediate will not be considered cause for continuance of the trial date.  Referral to mediation is neither a substitute for, nor a cause for delay of trial, and the case will be tried if not settled.

  The mediator is to mail a report regarding the outcome of the mediation session to the Court, with a copy to the ADR Coordinator, immediately after the mediation session.

  Counsel shall cooperate with the Court and the mediator in the initiation and conduct of the mediation. "Supreme Court of Texas Miscellaneous Docket No. 05-9107, June 13, 2005."

**SIGNED** on  5/6/2015

STACI WILLIAMS, Presiding Judge

pc: WILL PRYOR; MICHAEL KING; JENNIFER L. GIBBS; WILLIAM A KENDALL

RULES FOR MEDIATION

**1. Definition of Mediation.** Mediation is a process under which an impartial person, the mediator, facilitates communication between the parties to promote reconciliation, settlement or understanding among them. The mediator may suggest ways of resolving the dispute, but may not impose his own judgment on the issues for that of the parties.

**2. Conditions Precedent to Serving a Mediator.** The mediator shall not serve as a mediator in any dispute in which he has any financial or personal interest in the result of the mediation. Prior to accepting an appointment, the mediator shall disclose any circumstances likely to create a presumption of bias or prevent a prompt meeting with the parties.

**3. Authority of Mediator.** The mediator does not have the authority to decide any issue for the parties, but will attempt to facilitate the voluntary resolution of the dispute by the parties. The mediator is authorized to conduct joint and separate meetings with the parties and to offer suggestions to assist the parties achieve settlement. If necessary, the mediator may also obtain expert advice concerning technical aspects of the dispute, provided that the parties agree and assume the expenses of obtaining such advice, arrangements for obtaining such advice shall be made by the mediator of the parties, as the mediator shall determine.

**4. Parties Responsible for Negotiating Their Own Settlement.** The parties understand that the mediator will not and cannot impose a settlement in their case. The mediator, as an advocate for settlement, will use every effort to facilitate the negotiations of the parties. The mediator does not warrant or represent that settlement will result from the mediation process.

**5. Authority of Representatives.** Party representatives must have authority to settle and all persons necessary to the decision to settle shall be present. The names and addresses of such persons shall be communicated in writing to all parties and the mediator.

**6. Time and Place of Mediation.** The mediator shall fix the time of each mediation session. The mediation shall be held at the office of mediator, or at any other convenient location agreeable to the mediator and the parties, as the mediator shall determine.

**7. Identification of Matters in Dispute.** Prior to the first scheduled mediation session, each party shall provide the mediator and all attorneys of record with an information sheet and request for mediation on the form provided by the mediator setting forth its position with regard to the issues that need to be resolved. At or before the first session, the parties will be expected to produce all information reasonably required for the mediator to understand the issues presented. The mediator may require any party to supplement such information.

**8. Privacy.** Mediation sessions are private. The parties and their representatives may attend mediation sessions. Other persons may attend only with the permission of the parties and with the consent of the mediator.

**9. Confidentiality.** Confidential information disclosed to a mediator by the parties or by witnesses in the course of the mediation shall not be divulged by the mediator. All records, reports or other documents received by a mediator while serving in that capacity shall be confidential. The mediator shall not be compelled to divulge such records or to testify in regard to the mediation in any adversary proceeding or judicial forum except as may be provided in Section 154.073 of the Texas Civil Practice and Remedies Code. Any party that violates this order may be subject to the imposition of sanctions as may be permitted by law. The parties shall maintain the confidentiality of the mediation and shall not rely on, or introduce as evidence in any arbitral, judicial or other proceeding: A) Views expressed or suggestions made by another party with respect to a possible settlement of the dispute; B) Admissions made by another party in the course of the mediation proceedings; C) Proposals made or views expressed by the mediator; or D) The fact that another party had or had not indicated willingness to accept a proposal for settlement made by the mediator.

**10. No Stenographic Record.** There shall be no stenographic record of the mediation process and no person shall tape record any portion of the mediation session.

**11. No Service of Process At or Near The Site of The Mediation Session.** No Subpoenas, summons, complaints, citations, writs or other process may be served upon any person at or near the site of any mediation session upon any person entering, attending or leaving the session.

**12. Termination of Mediation.** The mediation shall be terminated: A) By the execution of a settlement agreement by the parties; B) By declaration of the mediator to the effect that further efforts at mediation are no longer worthwhile; or C) After the completion of one full mediation session, by a written declaration of a party or parties to the effect that the mediation proceedings are terminated.

**13. Interpretation and Application of Rules.** The mediator shall interpret and apply these rules.

**14. Fees and Expenses.** The mediators daily fee, if agreed upon prior to mediation, shall be paid in advance of each mediation day. The expenses of witnesses for either side shall be paid by the party producing such witnesses. All other expenses of the mediation, including fees and expenses of the mediator, and the expenses of any witness and the cost of any proofs or expert advice produced at the direct request of the mediator, shall be borne equally by the parties unless they agree otherwise.

**ADDITIONALLY, YOU MAY ACCESS THE COURT'S FILE, BY GOING TO:**
**http://courts.dallascounty.org/default.aspx**

Exhibit A-3-h

**OFFICER'S RETURN**

Case No. : DC-15-03894

Court No.101st District Court

Style: MRM SUPERMARKETS INC DBA CONSTANTIN'S BREADS

vs.

THE TRAVELERS LLOYDS INSURANCE COMPANY, et al

Came to hand on the _____ 9TH _____ day of __APRIL____, 20 _15__, at 8:56 _____ A_, o'clock _____.M. Executed at

_____ within the County of _____ o'clock _____.M. on the _____ day

of _Unexecuted — Unclaimed — Unable to forward_

_Unexecuted — Unclaimed — Unable to forward_

_+ returned Delivery_

each, **BY US CERTIFIED MAIL RETURN RECEIPT REQUESED,** a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed

on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

|   |   |
|---|---|
| For serving Citation | $ 76.00 |
| For mileage | $ |
| For Notary | $ |

Unexecuted

of _____

By _____ County,

_____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said

_____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____ Notary Public

_____ County

**FELICIA PITRE**
DISTRICT CLERK
600 COMMERCE STREET
DALLAS, TEXAS 75202-4606

2015 MAY-8 PH 3:29

9214-8901-0661-5480-0056-0332-49

**FORM NO. 353-3 - CITATION**

# THE STATE OF TEXAS

To:

**MICHAEL KING**
**1400 N W 1ST AVENUE**
**MINERAL WELLS TX  76067-3505**

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and petition **AND REQUEST FOR DISCLOSURE**, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **101st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **MRM SUPERMARKETS INC DBA CONSTANTIN'S BREAD**

Filed in said Court **6th day of April, 2015** against

**THE TRAVELERS LLOYDS INSURANCE COMPANY**

For Suit, said suit being numbered **DC-15-03894**, the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition , a copy of which accompanies this citation.
If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 9th day of April, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.

By: _____
        DIANNE COFFEY



---

CERT MAIL

# CITATION

## DC-15-03894

MRM SUPERMARKETS INC
DBA CONSTANTIN'S BREAD
vs.
THE TRAVELERS LLOYDS
INSURANCE COMPANY,
et al

ISSUED THIS
**9th day of April, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DIANNE COFFEY, Deputy

**Attorney for Plaintiff**
WILLIAM A KENDALL
NORTHPARK CENTRAL
8750 N CENTRAL EXPY
SUITE 1010
DALLAS TX 75231
214-361-6124

DALLAS COUNTY CONSTABLE
FEES PAID   FEES NOT PAID

CUT/FOLD HERE

CUT / FOLD HERE
6"X9" ENVELOPE

CUT/FOLD HERE

MICHAEL KING
1400 NW 1ST AVE
MINERAL WELLS, TX 76067-3505

Return Receipt (Electronic)



9214 8901 0661 5400 0066 3325 49

FELICIA PITRE
DISTRICT CLERK
GEORGE L. ALLEN, SR. COURTS BLDG.
600 COMMERCE ST STE 103
DALLAS, TX 75202-4669



CERTIFIED MAIL

9214 8901 0961 5400 0056 2230 44

NIXIE        760674234-1N        05/04/15

RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD
RETURN TO SENDER

RESTRICT
DELIVER

FIRST CLASS

MAILED FROM ZIP CODE 75202

$ 11.52⁰
PITNEY BOWES
0002010665   APR 10 2015
02 1R
US POSTAGE

FELICIA PITRE
DISTRICT CLERK, SR. COURTS BLDG.
GEORGE L. ALLEN, SR. COURTS BLDG.
600 COMMERCE ST, STE 103
DALLAS, TX 75202-4699

Return Receipt (Electronic)

MICHAEL KING
1400 NW 1ST AVE
MINERAL WELLS, TX 76067-3505

Exhibit A-3-i

FILED
DALLAS COUNTY
5/11/2015 11:46:41 AM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-15-03894

| | | |
|---|---|---|
| MRM SUPERMARKETS, INC. d/b/a CONSTANTIN'S BREADS | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| vs. | § § | DALLAS COUNTY, TEXAS |
| THE TRAVELERS LLOYDS INSURANCE COMPANY, MARC RODRIGUEZ AND MICHAEL KING | § § § § | |
| Defendants. | § | E-101ST JUDICIAL DISTRICT |

## DEFENDANTS' FIRST AMENDED ANSWER
## TO PLAINTIFF'S ORIGINAL PETITION

Defendants The Travelers Lloyds Insurance Company ("Travelers"), and Marc Rodriguez, ("Rodriguez") collectively ("Defendants"), submit the following First Amended Answer to Plaintiff's MRM Supermarkets, Inc. d/b/a Constantin's Bread's Original Petition. Upon information and belief, Defendant Michael King has not yet been served.

## I.
## GENERAL DENIAL

Pursuant to Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants generally deny each and every allegation contained in Plaintiff's Original Petition and demand strict proof thereof. By this general denial, Defendants demand that Plaintiff prove every fact in support of their claims regarding violations of the TEXAS INSURANCE CODE, violations of the duty of good faith and fair dealing, DECEPTIVE TRADE PRACTICES ACT and breach of contract by a preponderance of the evidence. By this general denial, Defendants further demand that Plaintiff prove every fact in support of its exemplary damages claims by clear and convincing evidence.

## II.
## AFFIRMATIVE DEFENSES

1.      Plaintiff's claims are subject to all of the terms, conditions, limitations and exclusions, contained in The Travelers Lloyds Insurance Company policy number 680 7A946101-13-42 (the "Policy").

2.      The amount recoverable for Plaintiff's claims is limited by the applicable limits and any sub-limits contained in the Policy.

3.      Plaintiff's claims are barred, in whole or in part, to the extent the claimed loss or damage was pre-existing and/or did not occur during the applicable policy period.

4.      Plaintiff's claims are barred, in whole or in part, to the extent the physical loss of or damage was not caused by or resulting from a covered cause of loss.

5.      Plaintiff's claims are barred, in whole or in part, by Plaintiff's neglect to use all reasonable means to save and preserve the property from further damage at and after the time of loss.

6.      Plaintiff's claims are barred, in whole or in part, to the extent the claimed damage was caused by or resulted from wear and tear, rust, corrosion, fungus, decay, deterioration, wet or dry rot, hidden or latent defect, or any quality in property that causes it to damage or destroy itself.

7.      Plaintiff's claims are barred, in whole or in part, to the extent the claimed damage was caused by or resulted from settling, cracking, shrinking or expansion.

8.      Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's claimed damage was caused by or resulted from faulty, inadequate or defective planning, development, design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction, materials or maintenance.

9.      Plaintiff's claims are barred, in whole or in part, to the extent the claimed damage was caused by or resulted from continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

10.      Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to meet all conditions precedent to the recovery it now seeks under the Policy.

11.      Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff and/or its agents' acts or omissions proximately caused or contributed to Plaintiff's injury.

12.      Plaintiff's claims are barred, in whole or in part, pursuant to the doctrine of accord and satisfaction.

13.      Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, waiver, and unclean hands.

14.      A bona fide controversy exists concerning the extent of Plaintiff's entitlement to benefits under the Policy. Travelers and its employees, agents, representatives, and adjusters are entitled to value claims differently from Travelers' policyholders without facing bad faith or extra-contractual liability. Travelers would show that a bona fide controversy exists regarding the scope of any alleged covered loss and/or whether and the extent to which any asserted loss was the result of a covered occurrence or occurrences to covered property.

15.      Plaintiff's claims are barred, in whole or in part, to the extent MRM Supermarkets, Inc. is not licensed to transact business in the state of Texas and, therefore, lacks standing or is otherwise prevented from recovering for its claims asserted against Defendants.

16.     Defendants reserve the right to assert additional defenses with respect to such losses or damages as additional information becomes available or apparent as this litigation proceeds.

### III.
### PRAYER

Defendants pray that (i) Plaintiff's claim for relief be denied in its entirety, (ii) Plaintiff take nothing, and (iii) Defendants be granted such other and further relief to which they are justly entitled.

Respectfully submitted,

ZELLE HOFMANN VOELBEL & MASON LLP

By:_____ */s/ Jennifer L. Gibbs*_____
    James W. Holbrook, III
    Texas Bar No. 24032426
    jholbrook@zelle.com
    Jennifer L. Gibbs
    Texas Bar No. 24050656
    jgibbs@zelle.com
    John W. Maniscalco
    Texas Bar No. 24078913
    jmaniscalco@zelle.com

901 Main Street, Suite 4000
Dallas, TX 75202-3975
Telephone:   241-742-3000
Facsimile:   214-760-8994

**ATTORNEYS FOR DEFENDANTS**
**THE TRAVELERS LLOYDS INSURANCE**
**COMPANY AND MARC RODRIGUEZ**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served this 11th

day of May, 2015, in accordance with the TEXAS RULES OF CIVIL PROCEDURE as follows:

William A. Kendall
wk@smith-kendall.com
Robert N. Grisham, II
Robert@grishamlaw.com
GRISHAM & KENDALL, PLLC
9400 N. Central Expwy., Suite 910
Dallas, TX  75231
Telephone:     214-361-6124
Facsimile:     214-361-6126
*Attorneys for Plaintiff*
*MRM Supermarkets, Inc. d/b/a*
*Constantin's Breads*

_/s/ Jennifer L. Gibbs_
Jennifer L. Gibbs